MODESTO PEÑA, Petitioner and Appellant, *v.* PEOPLE OF PUERTO RICO, Respondent and Appellee.

No. 5181.   Argued June 18, 1930.—Decided November 20, 1931.

·M. A. Martínez Dávila, José J. Aponte, and A. Porrata Doria for appellant. James R. Beverly, Attorney General, and A. Ortiz Toro, First Assistant Attorney General, for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

On November 15th, 1926, The People of Puerto Rico appeared in a dominion title proceeding and filed an answer to the petition. On December 14th, 1927, when the case was called for trial, petitioner moved orally to strike the answer, first, because it had been filed after the expiration of the period prescribed by articles 391 and 395 of the Mortgage Law in regard to citation by publication; and, second, because of the alleged insufficiency of the answer. The motion was overruled, and this is assigned as error.

The answer can hardly be commended as a model of good pleading. It is a defective statement of facts, however, rather than a failure to state facts sufficient to justify a refusal to enter a decree of dominion title. If, during the year that elapsed between the filing of the answer and the date of the trial, petitioner had demurred to the answer, an amendment would have been allowed. If during the same period, petitioner had moved to strike the answer the Government would have had an opportunity to show, if necessary, why the answer had not been filed at an earlier date. We agree with the court below that the motion came too late. In any event, the overruling of the motion was tantamount to the granting of leave, nunc pro tunc, to file the answer, and in this we find no abuse of discretion. See Steffens v. Heirs of Sober, 33 P.R.R. 1.

Appellant seeks to distinguish the Steffens case upon the ground that the period there involved had been fixed by the court while in the instant case it is fixed by law. The opening paragraph of the opinion in the former case leaves little room for any such distinction. We need not now scrutinize nor construe the text of articles 391 and 395 of the Mortgage Law. See, however, 49 C. J. 199, section 228

*et seq.,* and *The Juncos Central Company* v. *Rodríguez,* 16 P.R.R. 286.

We cannot agree with appellant that the judgment appealed from is contrary either to the law or to the evidence adduced at the trial. It must be affirmed.